## SUPREME COURT.

### IN THE MATTER OF THE KNICKERBOCKER BANK.

The act of April 5th, 1849, provides, that upon the hearing of the parties, on such short notice as the judge shall appoint, he shall determine whether such corporation and association be clearly solvent or otherwise; and that he may require the officer thereof to exhibit any and all of its books, papers, accounts, assets, and effects, and to be examined on oath touching the same before him, or a referee to be appointed by him.

Where it is adjudged that a bank is insolvent, this act requires rapid and summary measures for the payment of billholders, depositors, and other bank

creditors. And all idea of increasing the assets for the benefit of the stock-holders, to the injury, by delay or otherwise, of the billholders and depositors, is repudiated by the whole policy of the act.

*New-York Special Term, January,* 1855.

THIS was an application for the appointment of a receiver of the Knickerbocker Bank. The facts will sufficiently appear in the opinion of the court.

——————————, *for creditors.*

——————————, *for stockholders, &c.*

ROOSEVELT, Justice. It is now about three months, accord-ing to one of the petitions presented, since this institution stopped payment. Its creditors aver—and a large body of its stockholders join in the averment—that it is insolvent; and the directors, those who now manage its affairs, admit that, "if the assets pass into the hands of a receiver, and are disposed of according to the statute, there will be a deficiency, and the creditors will not receive all that is due them." True, the "nominal amount" of the assets is supposed to be about $600,000, while the indebtedness is but little over $200,000. But of what avail are such figurative statements in opposition to the substantial admission, already referred to, made in the same affidavit? How perfectly "nominal," too, must be a large portion of that $600,000, when we find it alleged in the leading petition of the stockholders themselves, and not denied by the officers, that " $250,000 and upwards " consists of in-debtedness by the late directors? And that, moreover, on a capital of only $400,000.

Nor is this all. The present directors, anxious as they may be to retain the control of affairs, and able as they may be to manage them well, do not pretend that, with all the nursing they propose to bestow—" reasonable indulgence to debtors," is the expression—they will realize more than " some little surplus to the stockholders." The law provides (act of 5th April, 1849,) that upon a hearing of the parties, on such short notice as the

judge shall appoint, he shall determine whether such corporation and association be clearly solvent or otherwise; and that he may require the officer thereof to exhibit any and all of its books, papers, accounts, assets, and effects, and to be examined on oath touching the same before him, or a reference to be appointed by him.

And to obviate the nice and difficult distinctions sometimes raised as to what constitutes insolvency, whether it be absolute and permanent inability to pay, or only immediate and temporary inconvenience, the legislature have further enacted, that if the judge determine that such corporation or association "is not clearly solvent, he shall make an order declaring the same insolvent, and shall immediately appoint a receiver." On the facts then presented in the papers as they stand, can there be any doubt that this institution, if not clearly insolvent, is clearly solvent? Judged by ordinary rules, there would seem to be none. As the present directors, however, and some of the stockholders, apprehend serious injury from a sudden judicial declaration to that effect, and the consequent immediate appointment of a receiver, I have concluded to make an order, as the act provides, that a list of the assets and of the stockholders, with the respective values and amounts, be produced, and that the principal officers of the present and of the late board attend before me on Wednesday next, at 10 o'clock, at the chambers of the court, to be examined on oath concerning the state of the bank; and that the appointment of a receiver be, in the meanwhile, suspended, and the injunction continued. It is proper I should add that the statute, in these cases, contemplates rapid and summary measures. Billholders, depositors, and other bank creditors are to be promptly paid; and for this purpose the assets, if necessary, no matter what their character, if so ordered by the judge, are to be sold at auction, a dividend, if possible, declared within ninety days, and the deficiency, if any, apportioned among and levied on the individual stockholders; and the entire winding up, it is further declared, shall "in no case" be delayed beyond one year. All idea of increasing the assets for the benefit of the stock-

holders, to the injury—and delay is not unfrequently the most ruinous of all injuries—to the injury, I say, of the billholders and depositors, is repudiated by the whole policy of the act, and is at variance with the entire spirit of the judicial decisions of the highest court of the state, in analogous cases of assignment made by insolvent individuals.